# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**L.S.,**[1]

        **Plaintiff,**

v.

**KILOLO KIJAKAZI,**
**Acting Commissioner of Social Security,**

        **Defendant.**

Case No. 22-1252-DDC

## MEMORANDUM AND ORDER

Plaintiff's attorney has filed an "Unopposed Motion for an Award of Attorney Fees Pursuant to the Equal Access to Justice Act." Doc. 25. The court previously remanded this case for further administrative proceedings under 42 U.S.C. § 405(g). Doc. 21. The motion asks the court to award $3,021.45 in attorney's fees under 28 U.S.C. § 2412. Doc. 25 at 1. The government doesn't oppose the requested fee award. *See id.* (reciting that defendant "has no objection to the award and has stipulated to the amount"). Finding this amount reasonable, the court grants plaintiff's request.

The Equal Access to Justice Act ("EAJA") provides that "a court shall award to a prevailing party[,] other than the United States[,] fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

---

[1]    The court uses plaintiff's initials here as part of its efforts to preserve privacy interests.

The court has a duty to review the reasonableness of a request for attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). The court should allow fees for "all hours reasonably expended on the litigation[.]" *Id.* at 435. Hours are reasonably expended when they were "necessary under the circumstances." *Southern v. Kijakazi*, No. 21-2053-JWB, 2021 WL 5493073, at *1 (D. Kan. Nov. 23, 2021) (citing *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998)). Also, an attorney must bill the hours at a "reasonable hourly rate." *Robinson*, 160 F.3d at 1281 (first citing *Hensley*, 461 U.S. at 433; then citing *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997)). Section 2412 allows a maximum hourly rate of $125, which the court may increase for cost of living or other special factors. 28 U.S.C. § 2412(d)(2)(A)(ii); *accord Sieber v. Berryhill*, No. 17-2630-JWL, 2018 WL 3389888, at *2 (D. Kan. July 12, 2018) (citing *Harris v. R.R. Ret. Bd*., 990 F.2d 519, 521 (10th Cir. 1993)). Any "cost of living adjustment must be made according to the consumer price index for the year in which the fees were earned." *Martin v. Colvin*, 198 F. Supp. 3d 1248, 1254 (D. Kan. 2016) (collecting authorities).

The court finds that plaintiff is a prevailing party in a civil action against the United States and thus is entitled to recover fees and expenses incurred. And the United States has not argued that its position was substantially justified. The court also finds that plaintiff's counsel has submitted a reasonable hourly rate. Plaintiff's counsel made a cost of living adjustment to the EAJA fee based on the Midwest Region Consumer Price Index. Based on an 80% increase in the Consumer Price Index from 1996 (when the $125 limit was established) until 2022 and an 85% increase through 2023, plaintiff's counsel submitted $225 per hour for work performed in 2022 and $231 per hour for work performed in 2023. *See* Doc. 25-1 at 3–5 (explaining rate calculation). Counsel submitted an itemized invoice detailing the time spent on this case: 2.7

2

hours in 2022 and 10.45 hours in 2023. Doc. 25-3. So, plaintiff's reasonable attorney fees total $3,021.45. As mentioned above, the government has stipulated to this amount. Doc. 25 at 1.

Under *Astrue v. Ratliff*, 560 U.S. 586 (2010), the EAJA attorney fee is payable to the plaintiff as the litigant and may be subject to offset if necessary to satisfy any pre-existing debt the litigant may owe to the United States. And, if plaintiff's counsel ultimately receives an award of attorney fees under 42 U.S.C. § 406(b), then counsel must refund the smaller award to plaintiff under *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's attorney's "Unopposed Motion for an Award of Attorney Fees Pursuant to the Equal Access to Justice Act" (Doc. 25) is granted. Under 28 U.S.C. § 2412, plaintiff is granted attorney's fees in the amount of $3,021.45. The check should be made payable to plaintiff and mailed to plaintiff's attorney's address.

**IT IS SO ORDERED.**

**Dated this 10th day of August, 2023, at Kansas City, Kansas.**

              **s/ Daniel D. Crabtree**
              **Daniel D. Crabtree**
              **United States District Judge**